UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 08-1399-JFW (PJWx)                                    Date   August 13, 2009

Title   *Beatrice Welles v. Turner Entertainment Company*

Present: The Honorable   Patrick J. Walsh, Magistrate Judge

| Isabel Martinez | CS 8/13/09 | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Steven Ames Brown | Christopher Tayback |
| (by telephone) | David Quinto |

Proceedings:   Defendant's Motion to Substitute Rebuttal Expert Witness


       Before the Court is Defendant's motion to replace a rebuttal expert witness with a new rebuttal expert witness.  (Docket No. 150.)  Defendant alleges that its current expert was untruthful about taking mind-altering drugs before his deposition and concealed that fact from Defendant's counsel.  Plaintiff opposes the motion, arguing that Defendant's claims are false and that what it is really trying to do is hide damaging testimony from the jury.  For the following reasons, Defendant's motion is **GRANTED.**  Defendant will be permitted to use David Davis as a rebuttal expert at trial.  Plaintiff's counsel may depose Davis at a mutually convenient time by **August 22, 2009**.  Defendant is ordered to pay Plaintiff $10,000 to cover the costs of the deposition, including the time spent by Plaintiff's counsel and Plaintiff's experts in reviewing the new report from Davis.  Unless otherwise agreed by the parties, the deposition will take place in Plaintiff's counsel's offices in San Francisco.  Further, Defendant is ordered to pay for the cost of the court reporter and the transcript, on an expedited (two-day) basis.


       This dispute centers on an expert hired by Defendant to rebut testimony by Plaintiff's expert.  Defendant claims that the expert came to his deposition after consuming prescription and, perhaps, nonprescription medications, and then denied to counsel that he had.  According to Defendant's counsel, the expert performed poorly at the deposition and his testimony was inconsistent with the conclusions he and his colleague arrived at in their report.  Counsel claims that, after the deposition, he conducted an investigation and learned that the expert had consumed medications prior to the deposition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

contrary to his representations to counsel that he had not.  According to Defendant's counsel, he confronted the expert with this information and the expert admitted some of the allegations and denied others.  In the process, the expert hired his own lawyer to represent him in discussions with Defendant's lawyer.  These discussions have culminated in an understanding that the expert will not be used in the case and that the expert's firm will pay the costs associated with substituting-in a new expert.

     Plaintiff contends that there is no merit to these allegations.  She argues that the sole reason Defendant now seeks to replace the rebuttal expert witness is to suppress concessions he made during his deposition, which support Plaintiff's position on damages in this case.  Plaintiff contends that, even if the expert had consumed the medications Defendant's counsel claims that he had, i.e., Vicodin, it would not have affected his ability to reason during the deposition.  Plaintiff also opposes the substitution of the expert at this late stage of the proceedings because it will cause Plaintiff to expend substantial sums to address a new expert report and comes at a critical time in the case--just two weeks before trial--when counsel needs to focus on trial preparation.  Alternatively, Plaintiff argues that the expert's colleague, Dr. Fernando Torres, who participated in preparing the report and signed it, should be substituted-in, not an entirely new expert.

     In general, substitution of an expert witness prior to trial is governed by Federal Rule of Civil Procedure 16(b), which governs alteration of the pre-trial schedule.  Rule 16(b) provides that the district court has discretion to alter the schedule for "good cause."  "Good cause" turns on the reasons for the request and the moving party's diligence.  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992); *DAG Enterprises v. Exxon Mobil*, 226 F.R.D. 95, 105 (D.D.C. 2005).

     It is difficult for the Court to analyze the factual issues presented by this motion in the context in which it is presented.  Defendant alleges that its witness has been dishonest and that he attended a deposition under the influence of drugs, some legal, some, perhaps, not.  Defendant further alleges that this caused the expert to testify inaccurately.  Plaintiff disagrees and argues that the expert testified truthfully and that Defendant's motion is solely aimed at hiding this truthful testimony.  The Court cannot determine based on the hearsay statements contained in the declarations filed by the lawyers exactly what took place.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

The Court has read the entire 89-page deposition transcript in an effort to resolve some of the questions raised by the competing allegations here. The transcript reveals that the expert witness requested to have questions read back to him more than ten times, which could mean that he was impaired. On the other hand, his answers appeared to be lucid and tracked the questions that were asked. Absent an evidentiary hearing, it would be difficult to determine exactly what his state of mind was that day. Even with a hearing, the Court is not confident that it could ever really get to the bottom of what happened.

What is clear from the pleadings is that there has been a complete breakdown in communication between Defendant's counsel and the expert. As evidence of this, the expert has retained counsel to represent him in dealings with Defendant's counsel. This would seem to preclude any meaningful working relationship between Defendant's counsel and the expert in this case, a case in which there is more than $20 million at stake. The Court finds that this breakdown under the circumstances described by Defendant's counsel constitutes "good cause" under Rule 16. The Court further finds that Defendant acted promptly upon discovering the problems with the expert by informing Plaintiff's counsel that it planned to seek leave to use a different expert and provide Plaintiff's counsel with a copy of the new expert's report. Thus, Defendant has met its burden under Rule 16 and it is entitled to relief.

Plaintiff disagrees. She argues, for example, that there is little significance to the fact that the expert has hired counsel to deal with Defendant's counsel. Plaintiff's counsel contends that people in the entertainment industry routinely have spirited disagreements amongst themselves and often have to retain counsel to represent them in these disputes. In Plaintiff's counsel's view, the fact that the expert hired a lawyer to negotiate with Defendant's counsel is not noteworthy.

The Court rejects this argument. It seems fair to say that it is unworkable for trial counsel to try to prepare for and present expert testimony with an expert who has hired a lawyer to represent him in dealings with trial counsel because trial counsel has accused the expert of misrepresenting that he was on drugs when his deposition was taken in the case. Counsel would be at an extreme disadvantage preparing for a trial in which he and his expert were not directly communicating because the relationship had broken down. This breakdown would also likely undermine counsel's confidence in the expert's anticipated testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

The Court has not overlooked the merits of Plaintiff's other arguments, either, though the passage of time has diminished the strength of some of them.  First, as to Plaintiff's complaint regarding the timing of the substitution, just two weeks before the start of the trial, that argument is much less compelling now that the trial has been continued for a month to September 29, 2009.  Requiring Plaintiff's counsel to prepare for and take a deposition will not result in the hardship counsel would have faced had the trial not been continued.

As to Plaintiff's objections to the new expert based on the potential costs involved in reading the new expert's report and taking his deposition, the Court is ordering Defendant to pay Plaintiff $10,000 to cover most of the costs which will be incurred by Plaintiff in addressing the new expert.  The Court is also requiring the expert to travel to Plaintiff's counsel's offices and requiring Defendant to pay for the deposition transcript on an expedited basis, which will alleviate some of the burden associated with Plaintiff's counsel taking the deposition at this late stage in the proceedings.

The Court has considered Plaintiff's request that Defendant be required to use Dr. Torres in place of the expert.  This request is denied.  Dr. Torres has, apparently, never testified in any court as an expert, never mind in a federal court, and Defendant should not be required to rest its fate in this $20 million case on an expert-in-training.  Further, contrary to Plaintiff's argument in her brief, Defendant never designated Dr. Torres as an expert in its court filings and never intended to use him at trial.

As to Plaintiff's argument that by substituting the old expert the Court will not be streamlining the trial because the expert will be called as a witness by Plaintiff, that suggestion is flatly rejected.  Absent extraordinary circumstances, i.e., the expert is in possession of information that only he has access to, calling the other side's non-testifying expert is not permitted.  *See Lehan v. Ambassador*, 190 F.R.D. 670, 672 (E.D. Wash. 2000); *see also Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1984).

Plaintiff argues that, assuming the district judge were to adopt this thinking and preclude her from calling the expert, she would be prejudiced by not being allowed to present to the jury the expert's testimony.  Plaintiff argues that the Court has overlooked this prejudice to Plaintiff in analyzing Defendant's motion.  Again, the Court disagrees.  The test applied under Rule 16 looks at the reasons

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

```
for the motion to substitute and the diligence shown by the moving
party.  Defendant has shown a satisfactory reason and has acted with
diligence.  Though the Court has taken into account the prejudice
Plaintiff will suffer and has tried to ameliorate that prejudice to
the best of its ability, prejudice to the opposing party is not the
focus of the analysis.  As such, this argument, too, is rejected.
```

```
cc: The parties
```

|  | 1 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | im |

```
S:\PJW\Cases-X\Welles\D's Motion Substitute Expert.wpd
```